BROOKS ET AL., APPELLEES, *v.* ROLLINS, APPELLANT.

[Cite as Brooks *v.* Rollins (1984), 9 Ohio St. 3d 8.]

(No. 82-1849—Decided January 4, 1984.)

*Messrs. Emershaw, Mushkat, Shumaker, Siegfried & Luck, Mr. George J. Emershaw* and *Mr. Thomas P. Kot,* for appellees.

*Buckingham, Doolittle & Burroughs Co., L.P.A.,* and *Mr. David J. Hanna,* for appellant.

WILLIAM B. BROWN, J. The issue presented by this case is whether service of process by publication was proper pursuant to Civ. R. 4.4(A) and R.C. 2703.14(L). More specifically, the question is whether proof which is limited to a showing of reasonable diligence in attempting to locate a defendant but does not prove actual intent by that defendant to conceal herself is sufficient to satisfy the requirements for service of process by publication. This court concludes that such a showing of diligence raises an inference of concealment sufficient to support service by publication.

Civ. R. 4.4(A) sets forth the procedural requirements for obtaining service by publication in relevant part as follows:

"Residence unknown. When the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party

or his counsel must be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained.''

R.C. 2703.14 sets forth those categories of cases where service by publication is authorized by law. The present case is based upon subsection (L) which provides that service may be made by publication:

''In an action where the defendant, being a resident of this state, has departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with like intent.''

Considering these provisions together it is clear that two requirements must be met before service of process may be made in the present case. First, a party or her counsel must exercise reasonable diligence in attempting to locate a defendant. In *Sizemore* v. *Smith* (1983), 6 Ohio St. 3d 330, this court considered the issue of reasonable diligence and held that it requires the taking of steps ''which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address.'' *Id.* at 332. There is no question but that reasonable diligence was exercised in attempting to locate Rollins in the present case.

Secondly, service by publication must be authorized by law. Rollins contends that Brooks failed to satisfy this second requirement. Rollins argues that R.C. 2703.14(L) contains mandatory elements which are separate and distinct from the reasonable diligence standard of Civ. R. 4.4(A). In Rollins' view, plaintiff must prove that the defendant is a resident of this state and that she has either departed from the county of her residence to avoid service of summons or keeps herself concealed with like intent before service by publication is permitted under the statute. Failure to do so, the argument continues, would effectively deprive the statute of any independent meaning and would violate defendant's due process rights. Further, Rollins urges, the proof of concealment must demonstrate conduct which is purposely conceived of and acted upon to prevent service of process and reasonably capable of accomplishing its purpose. Rollins contends that Brooks has failed to carry this burden of proof.

This court is not persuaded by these contentions. To accept Rollins' arguments and require Brooks to prove actual intent to conceal would effectively deny her the ability to serve process by publication. The only practical way to prove that a defendant had intentionally concealed herself to avoid service would be through the defendant herself. In most cases, as in the instant case, the defendant does not appear. This places plaintiff in the impossible position of proving an intent which exists in the mind of an unavailable party. As Judge George J. McMonagle stated in *Rasmussen* v. *Vance* (1973), 34 Ohio Misc. 87, 94 [63 O.O.2d 400], ''[t]estimony was never required as to the actual voluntary, intentional concealment of a defendant, in order that valid service by publication be carried out.''

Therefore, this court concludes that ''concealment'' of a defendant, as

that term is used in R.C. 2703.14(L), may reasonably be inferred from plaintiff's inability to locate that defendant after the exercise of "reasonable diligence," as that term is used in Civ. R. 4.4(A). This inference is sufficient to support service by publication if the defendant, when challenging the sufficiency of such service, does not present evidence contradicting the inference. See *Sizemore* v. *Smith, supra,* at 333. Once the inference of concealment is raised, the burden is placed on the defendant to overcome its effect either by producing herself or by producing other independent evidence. A defendant who stands pat risks a finding of concealment sufficient to satisfy the requirements of R.C. 2703.14(L) and support service of process by publication. See *Wilson* v. *Sinsabaugh* (1978), 61 Ohio App. 2d 224 [15 O.O.3d 365]. This result does not render R.C. 2703.14(L) meaningless as a separate provision because, once defendant has come forward and overcome the inference of concealment, the plaintiff must independently prove that the statutory requirements have been satisfied.

The approach adopted today not only takes into account the practical difficulties under which the party seeking service must operate but also affords protection to the interests of both parties. Initially, the defendant's right to reasonable notice is protected because the plaintiff must prove that reasonable diligence has been exercised to locate the address of the defendant. The defendant is further protected because she has the opportunity to challenge the sufficiency of service by a motion to quash service and may bring in independent evidence to contradict the reasonable diligence of the plaintiff's search or to rebut the inference of concealment. Such an appearance would then afford the plaintiff an opportunity to examine the defendant on his or her conduct.

In the present case, Brooks submitted an affidavit averring that reasonable diligence had been exercised to locate Rollins. This allegation has not been challenged; indeed, the trial court determined that Brooks had done all she could to obtain service before resorting to service by publication. This showing of reasonable diligence was sufficient to give rise to an inference of concealment to satisfy the requirements of R.C. 2703.14(L). At the hearing on the motion to quash service, Rollins' counsel presented no evidence to overcome the inference of concealment. The trial court could have concluded that the requirements for service by publication were satisfied; regardless, it was error to require proof of intentional delay, avoidance, or concealment. The court of appeals' judgment reversing the trial court and remanding the cause was therefore proper.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

12

CLIFFORD F. BROWN, J., concurring. The flawless analysis by Justice William B. Brown of Civ. R. 4.4(A) and R.C. 2703.14(L) creates a legal precedent constituting the quintessence of justice in this case and will cause just results to be reached in many future cases with the same or similar issues. The precedent we establish today is a clarion judicial call that this court will fulfill the main objective of justice " 'that cases should be decided on their merits,' rather than upon procedural niceties and technicalities," a fundamental tenet of justice espoused in many recent cases, as in *Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1, concurring opinion at pages 3 and 4; *Maritime Manufacturers, Inc.* v. *Hi-Skipper Marina* (1982), 70 Ohio St. 2d 257, at 260 [24 O.O.3d 344]; *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 192 [23 O.O.3d 210]; *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, 351; *Baker* v. *McKnight* (1983), 4 Ohio St. 3d 125, 129; *Hardesty* v. *Cabotage* (1982), 1 Ohio St. 3d 114, 117; and *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 175 [63 O.O.2d 262]. This basic theme of justice fulfills the Civ. R. 1(B) mandate that "[t]hese rules shall be construed and applied to effect just results by eliminating delay * * * and all other impediments to the expeditious administration of justice." See, also, R.C. 1.11.

Unfortunately, this court on rare occasions has retreated from this basic tenet or theme and for hypertechnical reasons has caused claims to be dismissed, as in *Sizemore* v. *Smith* (1983), 6 Ohio St. 3d 330, or default judgment affirmed, as in *Caruso-Ciresi, Inc.* v. *Lohman* (1983), 5 Ohio St. 3d 64. For other misapplications of procedural rules, see *Elsnau* v. *Weigel* (1983), 5 Ohio St. 3d 77 and *Calderon* v. *Sharkey* (1982), 70 Ohio St. 2d 218 [24 O.O.3d 322].