JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Carolyn B. Friedland, that granted Civ.R. 60(B) relief to appellee Howard G. Showalter from a 1995 default judgment in favor of appellants, Khalid Qureshi and Khalid Qureshi and Associates, Inc. (collectively, Qureshi). Qureshi claims Showalter failed to establish the three elements necessary to obtain such relief from judgment. We do not agree and affirm.
The record reveals that in April 1990, Qureshi purchased from Showalter and his corporation, Franklin Fast Foods, Inc. (Franklin), five Geppetto's Pizza Ribs franchises Franklin operated in Franklin County, Ohio for $100 and the assumption of $450,000 of Franklin's restaurant debts. On March 20, 1991, Qureshi filed a complaint in Cuyahoga County Common Pleas Court against Geppetto's Pizza Ribs Franchise Systems, Inc. (Geppetto's), and its president, Michael O'Malley, claiming breach of contract and tortious interference with contract, and amended that complaint on March 20, 1992 to include Showalter and Franklin, adding breach of contract and fraud claims against those parties. Showalter filed a timely answer and counterclaim through which he admitted the parties entered a contract but entered a general denial to the allegations of breach and fraud, asserted the existence of affirmative defenses, and counterclaimed that Qureshi failed to pay the debts assumed under the contract. The docket for that case (Cuyahoga Common Pleas No. CV-207142) reflects a January 13, 1993 order stating that the parties stipulated the case was settled and dismissed without prejudice.
On December 28, 1993, Qureshi refiled the complaint with a case caption indicating, in error, that Showalter was to be served with summons at 24317 Lorain Road, North Olmsted, Ohio while Franklin was to be served at 24371 Lorain Road. The certified mail service for Franklin was returned with the notation Forwarding Order Expired. It appears by that time Franklin's corporate franchise had been canceled and it had ceased operation at that address. The certified mail service on Showalter at the incorrect address failed and was returned but the record does not indicate upon what basis.
On June 17, 1994, Qureshi's lawyer filed an affidavit for service by publication pursuant to Civ.R. 4.4(A), through which he averred that the Ohio Secretary of State advised that Franklin's corporation's registration had been canceled and that Showalter nor Franklin had a telephone directory listing. On August 8, 1994, the proof of publication pursuant to Civ.R. 4.4(A) and R.C. 7.12 was filed.
On February 23, 1995, Qureshi dismissed, with prejudice, all claims against Geppetto's and O'Malley, and on March 17, 1995, he filed a motion for default judgment against Showalter and Franklin. After a hearing on May 10, 1995, judgment was entered against Showalter and Franklin for $450,000 in compensatory damages, with interest from December 28, 1993, $150,000 in punitive damages, and $150,000 in attorney fees.
On January 4, 2000, Qureshi attached a Showalter bank account. Showalter filed a Civ.R. 60(B) motion for relief from judgment on April 11, 2000, stating through an affidavit that the bank notified him of the attachment in February 2000, that he immediately began investigating the reasons for the attachment, discovered the default judgment, and began taking steps to challenge it. Following a hearing on September 6, 2000, the judge granted Showalter's motion stating that, [u]pon review of the briefs and the attached evidence Showalter had shown entitlement to relief.
Qureshi asserts the following three assignments of error.
 I. THE TRIAL COURT ERRED IN ITS ORDER OF SEPTEMBER 12, 2000 IN ERRONEOUSLY VACATING A JUDGMENT THAT HAD BEEN ENTERED MAY 11, 1995, SINCE THE DEFENDANTS HAD NOTICE OF THE JUDGMENT WHEN MONIES WERE ATTACHED IN A BANK ACCOUNT IN DECEMBER 1999, HOWEVER, DEFENDANTS FAILED TO MOVE TO VACATE THE JUDGMENT UNTIL APRIL 11, 2000. SAID MOTION TO VACATE JUDGMENT WAS NOT FILED WITHIN A REASONABLE PERIOD OF TIME, AS A MATTER OF LAW.
 II. THE TRIAL COURT ERRED IN VACATING A JUDGMENT WHERE THE DEFENDANTS/APPELLEES FAILED TO DEMONSTRATE GROUNDS FOR RELIEF FROM JUDGMENT UNDER RULE 60(B).
 III. THE TRIAL COURT ERRED IN VACATING A JUDGMENT WHERE THE DEFENDANTS/APPELLEES FAILED TO ALLEGE A REAL AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE PLAINTIFFS' COMPLAINT.
Qureshi submits that Showalter failed to establish each of the three elements necessary to obtain relief from judgment under Civ.R. 60(B), that he must demonstrate: (1) the existence of a meritorious defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) that the motion for relief was filed within a reasonable time.[1] We will not reverse a grant of Civ.R. 60(B) relief absent a finding of an abuse of discretion.[2]
Showalter submitted an affidavit stating that he would assert the same defenses to the refiled complaint that he asserted in his 1992 answer to the amended complaint in the original action. Although the 1992 answer and counterclaim was not filed with his original Civ.R. 60(B) memorandum in support, he did attach it to a reply memorandum he obtained leave to file. We find the denials and affirmative defenses stated in that answer sufficient, because he need only allege a meritorious defense to satisfy that portion of the Civ.R. 60(B) test.[3] Moreover, as noted infra, the fact that there is a question concerning the sufficiency of service in this case would also be a defense to Qureshi's complaint. We find no abuse of discretion in finding this component of relief satisfied.
Showalter claimed entitlement to relief under Civ.R. 60(B)(5), which allows a judgment to be vacated for any other reason justifying relief from the judgment. Essentially, he claimed that he did not receive actual notice of the action or judgment against him until February 2000, when notified of the attachment Showalter had been concealing himself to avoid process,[4] and he did not rebut that inference with any evidence to the contrary, citing Brooks v. Rollins.[5]
Brooks, however, requires Showalter to present evidence that he did not conceal himself only after a judge concludes that the affidavit sufficiently shows reasonable diligence.[6] Under the circumstances shown here, the judge could reasonably question whether Qureshi's efforts showed reasonable diligence. In Sizemore v. Smith,[7] the Ohio Supreme Court found that a party had failed to use diligent efforts, suggesting that some probable sources for a defendant's address would include the city directory, a credit bureau, county records such as the auto title department or the board of elections, or an inquiry of former neighbors.[8] Although Sizemore noted, and Brooks verified, that the suggestions were not mandatory, we find that under the circumstances the judge could have found Qureshi failed to make diligent efforts.
Qureshi had undertaken a major business transaction with Showalter, and had been in contact with him as late as January 1993, when the parties settled and dismissed the first complaint and counterclaims without prejudice. We hesitate to accept Qureshi's statement that Showalter could not be located after December 1993, when the only efforts made to find him was a request to the Ohio Secretary of State to obtain Franklin's statutory agent's identity and address and an inquiry to a telephone directory assistance operator about whether Showalter had a listed number. In 1993, there was a myriad of sources from which information about Showalter could be obtained. Because the only evidence supporting service by publication on him was the unclaimed summons sent to the wrong address and a request for his telephone number, one could reasonably conclude that Qureshi did not make a reasonable effort to use those sources in locating Showalter.
Moreover, even though the judge stated that her decision was based upon the briefs and the attached evidence, the record indicates that the Civ.R. 60(B) motion was granted after a hearing and no transcript of that hearing or statement of evidence has been filed. Therefore, although Showalter's briefs and attached evidence make a rather thin demonstration of his entitlement to relief,[9] we presume that the hearing supported the judgment and that a judge's decision is correct until shown otherwise.[10] Because the law disfavors default judgments and Showalter has alleged a meritorious defense, doubt concerning whether to set aside this $750,000 default judgment must be resolved in his favor.[11] We cannot find an abuse of discretion in finding that Showalter satisfied the requirements of Civ.R. 60(B)(5).
Finally, Qureshi claims that Showalter did not move for relief from judgment within a reasonable time, and contends that this court requires such a motion be filed immediately upon discovery of the judgment. He submits that because he attached funds from Showalter's bank account on January 4, 2000, and Showalter admitted he learned of the attachment as early as February 2000, the April 11, 2000 Civ.R. 60(B) motion filed seventy days later[12] was untimely. He stresses that ninety-eight days passed from the time funds from the account were paid into court on January 4, 2000, until the time the motion was filed, and cites a number of cases from this district in which Civ.R. 60(B) motions were found untimely based on comparable or shorter delays.
Those cases are distinguishable, however, as they generally stand for the proposition that unexplained delay in seeking relief will be found unreasonable.[13] In this case, Showalter was notified that funds from his bank account had been attached, and then had to investigate to discover that the attachment related to the default judgment entered almost five years earlier. Resolving doubt in Showalter's favor, we cannot find under these circumstances that the judge abused her discretion in finding the motion filed within a reasonable time.[14] We find no glaring evidence that the April 11, 2000 motion was willfully or inordinately out of time and, again, we can presume that, to the extent any further explanation of delay was required, Showalter provided adequate justification at the hearing on the motion.[15] The assignments of error are overruled.
It is ordered that the appellees recover from the appellants their costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________ ANNE L. KILBANE, JUDGE:
COLLEEN CONWAY COONEY, J., CONCUR; JAMES D. SWEENEY, P.J. CONCURS IN JUDGMENT WITH SEPARATE OPINION.
[1] GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the proceedings on his account. Qureshi claims that the service by publication was sufficient notice of the complaint, that the affidavit for service by publication created an inference that syllabus.
[2] Id. at 148, 351 N.E.2d at 114.
[3] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20,520 N.E.2d 564, 566.
[4] Thereby establishing that service by publication was authorized by law. R.C. 2703.14(L).
[5] (1984), 9 Ohio St.3d 8, 10-11, 9 OBR 57, 457 N.E.2d 1158,1160.
[6] Id. at 10, 457 N.E.2d at 1159.
[7] (1983), 6 Ohio St.3d 330, 6 OBR 387, 453 N.E.2d 632.
[8] Id. at 332, 453 N.E.2d at 635.
[9] One would be well-advised to make some explanation of his whereabouts to rebut the inference of concealment. Brooks,9 Ohio St.3d at 11, 457 N.E.2d at 1160; Sizemore, 6 Ohio St.3d at 333,453 N.E.2d at 635-36. As noted, however, the judge could have found Qureshi's efforts did not constitute reasonable diligence, and so never reached the question of concealment.
[10] Rose Chevrolet, supra, 36 Ohio St.3d at 19-20,520 N.E.2d at 565-66.
[11] GTE Automatic Elec., supra, paragraph three of the syllabus.
[12] Qureshi apparently takes Showalter's nonspecific admission that he learned of the attachment in February 2000 to mean February 1, 2000.
[13] See, e.g., Mt. Olive Baptist Church v. Pipkins Paints Home Improvement Ctr., Inc. (1979), 64 Ohio App.2d 285, 288-89, 18 O.O.3d 319, 413 N.E.2d 850, 853-54 (grant of relief overruled in light of unexplained delay of seven months from filing of complaint, and four months from default judgment).
[14] GTE Automatic Elec., supra.
[15] Rose Chevrolet, supra.