OPINION
{¶ 1} Appellant, James Shikner ("Shikner"), appeals from a judgment of the Lake County Court of Common Pleas, granting default judgment in favor of appellee, S P Solutions ("S P"), on its counterclaim. For the following we reasons, we reverse the judgment of the trial court and remand this matter for further proceedings.
 {¶ 2} Shikner worked for S P from January 1995 until May 2001. On May 6, 2003, Shikner filed a complaint in the Cuyahoga County Court of Common Pleas against S P, alleging conversion, breach of contract, and nonpayment of wages. Shikner's complaint requested damages in excess of $428,000 plus interest.
 {¶ 3} On June 4, 2003, S P moved to transfer the case to the Lake County Court of Common Pleas, for lack of proper venue. Shikner filed a response to Defendant's motion to transfer venue and an amended complaint. The amended complaint added Gary Bates ("Bates"), President of S P, as a defendant, and added a fourth claim of unjust enrichment. The response agreed to transfer venue to Lake County.
 {¶ 4} On July 24, 2003, the Cuyahoga County Court granted the motion to transfer the matter to Lake County. The case was then transferred to the docket of the Lake County Court of Common Pleas.
 {¶ 5} The respective parties filed a stipulation for leave to plead, or otherwise respond, to Shikner's amended complaint. On November 25, 2003, defendant S P filed an answer and a counterclaim for "breach of agreement" and unjust enrichment. The counterclaim requested damages in the amount of $13,581.65. On the same date, Bates filed his answer to Shikner's amended complaint.
 {¶ 6} On April 23, 2004, Shikner filed another motion for leave to file an amended complaint with the court. Shikner also moved to have venue transferred back to Cuyahoga County. Thereafter, Shikner filed a notice of dismissal of his amended complaint, pursuant to Civ.R. 41. As a result, his claims against S P and Bates were dismissed.
 {¶ 7} On June 8, 2004, the remaining matters of venue and S 
P's pending counterclaim proceeded to trial, with both parties present. At trial, S P noted that Shikner failed to answer its counterclaim. Accordingly, S P orally moved for default judgment and requested that Shikner be precluded from introducing evidence of an affirmative defense.
 {¶ 8} Shikner's counsel stated that he believed an answer to the counterclaim had been filed. But upon further review of the court's docket, it was determined that Shikner had failed to file a responsive pleading to the counterclaim. Shikner argued that despite the absence of an answer, he could assert an affirmative defense to S P's counterclaim. The trial court disagreed.
 {¶ 9} Prior to resolving S P's oral motion for default judgment, the court ruled that venue was proper. The court then proceeded to grant S P's oral default judgment on the counterclaim, finding that Shikner failed to answer. A short recess was called prior to a hearing on the remaining issue of damages. After returning from the recess, it was determined that Shikner and his counsel had left. Nevertheless, the trial court proceeded to conduct a hearing as to the issue of damages. After evidence was taken, the trial court awarded S P $13,581 in damages.
 {¶ 10} From this judgment, Shikner timely appealed and assigns the following three assignments of error:
 {¶ 11} "[1.] The trial court erred to the prejudice of plaintiff-appellant in granting defendant-appellee's motion for default judgment since the issue was only that of damages.
 {¶ 12} "[2.] The trial court abused its discretion in failing to allow plaintiff-appellant the ability to provide an answer asserting an affirmative defense on the day of trial.
 {¶ 13} "[3.] The trial court erred to the prejudice of the plaintiff-appellant in granting default judgment in favor of defendant-appellees [sic] where the record demonstrates that the default was granted without first providing notice to defendants or their counsel in violation of their due process rights, Ohio Rule of Civil Procedure 55, and Local Rule VI (A)."
 {¶ 14} We will first address Shikner's third assignment of error as it is dispositive of this appeal. Under his third assignment of error, Shikner argues that the trial court erred and abused its discretion by granting default judgment in favor of S P. Specifically, he argues that S P's oral motion for default judgment, made on the day of trial, violated the seven-day written notice requirement of Civ.R. 55(A). We agree.
 {¶ 15} Civ.R. 7(A) provides in relevant part, that "there shall be * * * a reply to a counterclaim denominated as such." Civ.R. 12(A)(2) and (B) state, "[t]he plaintiff shall serve his reply to a counterclaim in the answer within twenty-eight days after service * * *," and that "[e]very defense, in law or fact, to a * * * counterclaim, shall be asserted in a responsive pleading thereto * * *."
 {¶ 16} Clearly, Shikner was required to file a responsive pleading within twenty-eight days of service of S P's counterclaim. Based upon Shikner's failure to plead, the mandates of Civ.R. 55(A), which governs motions for default judgment, are applicable. In relevant part, Civ.R. 55(A) states as follows:
 {¶ 17} "When a party against whom a judgment for affirmative relief has failed to plead or otherwise defend as provided by the rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; * * * If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of theapplication for judgment at least seven days prior to the hearingon such application." (Emphasis added.)
 {¶ 18} Civ.R. 55(A) is consistent with Civ.R. 8(D), which provides in pertinent part that "averments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading." See, e.g., Ohio ValleyRadiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986),28 Ohio St.3d 118. Likewise, Civ.R. 55(A) is consistent with Civ.R. 7(B) which requires a responsive pleading to include any affirmative defense. Thus, when a defendant fails to answer, default judgment under Civ.R. 55(A) is appropriate because the defendant has admitted liability to the averments of the plaintiff's pleading and the defendant is precluded from raising an affirmative defense.
 {¶ 19} Here, the record establishes that Shikner had appeared in the action and had failed to file a responsive pleading to S 
P's counterclaim. Therefore, Civ.R. 55(A) required that Shikner be provided with written notice of the motion for default at least seven days prior to a hearing on the default motion. This requirement was not met, as the trial court granted S P's oral motion for default judgment on the day it was made.
 {¶ 20} In AMCA Intl. Corp. v. Carlton (1984),10 Ohio St.3d 88, 90, the Ohio Supreme Court held that when the defendant has made an appearance, the "plain language" of Civ.R. 55(A) "demands" that the defendant receive at least a seven-day written notice of an application for default. The Court reasoned that the purpose of the seven-day written notice requirement is to allow the defaulting party the opportunity to show good cause for the absence of a responsive pleading. Id. at 91. Thus, "[t]he purpose of the notice requirement will be emasculated if [the defendant] is not given sufficient time (i.e., seven days) to show cause[.]" Id.
 {¶ 21} S P argues in rebuttal that although seven-day written notice was not provided, the purpose of the notice requirement was met. Further, S P contends that the notice requirement was not violated because the court allowed Shikner to contest damages and because Shikner failed to object to the alleged error.
 {¶ 22} The instant case illustrates the importance of, and reason for, the seven-day notice requirement. After S P orally moved for a default judgment, Shikner's counsel informed the trial court that he believed a reply to the counterclaim had been filed. When unable to find a responsive pleading in the court's docket, Shikner's counsel stated, "[t]his is the first time this issue has been brought up." Nevertheless, the trial court proceeded to grant S P's default judgment on the day it was made.
 {¶ 23} Clearly, Shikner's counsel was not afforded sufficient time to show good cause relating to his failure to answer and relating to why leave to plead would be appropriate. Absent proper notice, Shikner's ability to show cause under Civ.R. 55(A) was emasculated.
 {¶ 24} Moreover, Shikner's ability to contest damages is irrelevant to the issue of notice. It is well-established that once a default judgment has been entered, the only remaining triable issue is the amount of damages. See, e.g., Girard v.Leatherworks Partnership, 11th Dist. No. 2004-T-0010,2005-Ohio-4779, at ¶ 38. However, as stated previously, the default judgment effectively admitted the averments of S P's counterclaim and precluded Shikner from asserting any affirmative defense which would be considered an avoidance of S P's counterclaim. Civ.R. 8(C); Civ.R. 7(B). Consequently, the prejudice resulting from the lack of notice lies in the admission of the counterclaim averments and preclusion of an affirmative defense, not the issue of damages.
 {¶ 25} Finally, the record establishes that although Shikner's counsel did not specifically mention the seven-day notice requirement, his statements prior to the court's ruling on default judgment inherently raised the issue of notice. Specifically, throughout the trial, Shikner's counsel repeatedly requested additional time to rebut S P's oral motion for default judgment. The trial court denied the requests for additional time. Thus, the issue of whether the notice requirement was adhered to was sufficiently preserved for purposes of appeal.
 {¶ 26} We hold that despite Shikner's apparent failure to properly respond, Civ.R. 55(A) demands at least seven-day written notice of an application for default, as Shikner had made an appearance in this matter. Because Shikner was not afforded at least seven-day written notice, his third assignment of error is with merit.
 {¶ 27} As a brief aside, we note that our holding under Shikner's first assignment of error makes no determination as to whether Shikner has shown good cause to file a late answer and avoid default judgment. That issue is to be resolved by the trial court once the notice requirement of Civ.R. 55(A) has been satisfied. Furthermore, our holding in no way condones the conduct of Shikner's counsel during the trial; namely, his refusal to participate in the damages hearing, following the court's grant of default judgment.
 {¶ 28} Shikner's first and second assignments of error have been rendered moot.
 {¶ 29} Based upon the foregoing analysis, Shikner's third assignment of error is with merit and his first and second assignments of error have been rendered moot. We hereby reverse the trial court's default judgment and remand this matter for further proceedings consistent with our opinion.
Rice, J., concurs, Diane V. Grendell, J., dissents with a Dissenting Opinion.