[Cite as *Corrao v. Bennett*, 2020-Ohio-2822.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| ADRIANA CORRAO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108176 |
| v. | : | |
| IAN BENNETT, | : | |
| Defendant-Appellant. | : | |

EN BANC DECISION AND JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

**RELEASED AND JOURNALIZED:** May 7, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-896007

*Appearances:*

Anthony J. Bondra, *for appellee.*

Allison E. Hayes; Gallagher Sharp, Richard C.O. Rezie, and Gary L. Nicholson, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Pursuant to App.R. 26, Loc.App.R. 26, and *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, the en banc court

determined that a conflict existed between the original panel decision in *Corrao v. Bennett*, 8th Dist. Cuyahoga No. 108176, 2019-Ohio-3892, and *Khatib v. Peters*, 8th Dist. Cuyahoga No. 102663, 2015-Ohio-5144. The sole issue accepted for en banc review is whether a party is required in every instance to conduct an internet or "google" search to locate a defendant's address as a prerequisite for establishing the reasonable diligence required by Civ.R. 4.4 for service by publication.

{¶ 2} In light of the perceived conflict between the panel opinion and the statement in *Khatib* that, "an individual of ordinary prudence would reasonably be expected to engage in a computer search," we agreed to hear the matter en banc to clarify this district's black letter law.

{¶ 3} This opinion is divided into two parts: (1) the decision of the en banc court and (2) the decision of the merit panel. The decision of the en banc court is limited to the legal question set forth above. To secure and maintain uniformity of decisions within the district, we vacate the panel decision issued on September 26, 2019, *Corrao v. Bennett*, 8th Dist. Cuyahoga No. 108176, 2019-Ohio-3892, and issue this decision as the final decision in this appeal.

## I.     DECISION OF THE EN BANC COURT:

{¶ 4} We hold that an internet search is not a mandatory prerequisite to establishing reasonable diligence for service by publication but, instead, is just one of many available steps a party may endeavor to take in order to satisfy his burden under Civ.R. 4.4. Our conclusion is consistent with the Ohio Supreme

Court's decision in *Sizemore v. Smith*, 6 Ohio St.3d 330, 453 N.E.2d 632 (1983), where the court indicated that "what constitutes reasonable diligence will depend on the facts and circumstances of each particular case." *Id.* at 332. Although the court in *Sizemore* recognized a number of available steps a party could take to locate a defendant as part of an effort to establish reasonable diligence, it cautioned that the list did not constitute a "mandatory checklist." *Id.*

{¶ 5} Thus, although a computer search or checking with the bureau of motor vehicles are certainly among the many available steps a party may endeavor to take in attempting to locate a defendant, they are not mandatory for establishing reasonable diligence. Other efforts may be taken, and whether reasonable diligence has been exercised will depend upon the facts and circumstances of each particular case. *Id.* To the extent the decision in *Khatib*, 8th Dist. Cuyahoga No. 102663, 2015-Ohio-5144, can be read to be inconsistent with this decision of the en banc court herein, we overrule that case.

---

SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, A.J.; PATRICIA ANN BLACKMON, MARY J. BOYLE, FRANK D. CELEBREZZE, JR., EILEEN A. GALLAGHER, RAYMOND C. HEADEN, LARRY A. JONES, SR., KATHLEEN ANN KEOUGH, MARY EILEEN KILBANE, ANITA LASTER MAYS, and MICHELLE J. SHEEHAN, JJ., CONCUR

## II. DECISION OF THE MERIT PANEL:

SEAN C. GALLAGHER, P.J.:

{¶ 6} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant-appellant Ian Bennett appeals the trial court's entry of default judgment, the denial of his motion to quash service by publication, and the denial of his motion to vacate judgment. Upon review, we affirm in part, reverse in part, and remand the matter solely for a hearing on damages.

{¶ 7} On April 11, 2018, plaintiff-appellee Adriana Corrao filed a complaint against Bennett for alleged negligence with regard to a motor vehicle accident that occurred in June 2016. Appellee sought damages for her alleged injuries in an amount in excess of $25,000.

{¶ 8} Appellee attempted to serve Bennett at the address listed in the police report. However, Bennett had moved shortly before the accident and his new address was not disclosed in the police report. The two attempts at service to the address provided on the police report failed. Appellee filed a motion for service by publication with an affidavit by plaintiff-appellee's counsel. Counsel indicated in the affidavit that certified mail service had been returned and stated defendant had moved and left no forwarding address. Counsel stated he requested a new address for Bennett from his insurance company, Liberty Mutual Insurance Company, but the insurance adjuster handling the case refused to provide any other address. Counsel maintained that the only other source of information regarding Bennett's

address was the police report and that Bennett's current residence could not be ascertained with reasonable diligence.

{¶ 9} The trial court deemed the motion for service by publication moot, indicating that a motion is not required under Civ.R. 4.4. Appellee proceeded with service by publication and thereafter filed a motion for default judgment with another affidavit from plaintiff's counsel. In addition to the averments pertaining to service, counsel stated that appellee "has approximately $7,000 in reasonable and necessary medical bills and $285.00 in lost wages that were directly related to the incident in the Complaint[.]" No supporting documentation was included on damages. On October 10, 2018, the trial court, without a hearing, granted the motion for default judgment in the amount of $25,000, which was the amount sought in the complaint. No appeal was taken from the default judgment.

{¶ 10} On October 30, 2018, appellant filed a motion to quash purported service, claiming appellee did not utilize reasonable diligence in attempting to locate Bennett before attempting service by publication as required by Civ.R. 4.4(A)(1). Appellant claimed that his address was readily ascertainable through the Bureau of Motor Vehicles ("BMV") and that plaintiff-appellee's counsel did not perform any Google search or undertake any other reasonable measures before resorting to service by publication. Appellant further maintained that he did not become aware of the lawsuit until October 29, 2018.

{¶ 11} On November 1, 2018, appellant filed a motion to vacate the default judgment pursuant to Civ.R. 60(B). Appellant claimed that he had a meritorious

defense because he was not admitting liability for the accident and because the amount of damages was at issue; that his failure to file an answer was the result of excusable neglect or that the catchall provision should apply since he was unaware of the lawsuit until after default judgment was granted; and that his motion was timely because it was filed 22 days following the default judgment. In support of his claim that he was unaware of the lawsuit, appellant attached an affidavit to his motion indicating that he moved shortly before the accident, that his updated address was on file with the BMV, that he never received service of the complaint, and that he first learned of the lawsuit on October 29, 2018, when his attorney contacted him to discuss the default judgment.

{¶ 12} On January 10, 2019, the trial court issued a journal entry that denied appellant's motions. The trial court recognized that despite engaging in settlement negotiations prior to the lawsuit, defendant's insurance company refused to provide Bennett's new address to plaintiff's counsel, and as such the plaintiff could only attempt service at the address available in the police report. The court determined that "plaintiff exercised reasonable diligence in its attempt to perfect service and finds, further, that defendant's counsel engaged in concealment of defendant's whereabouts."

{¶ 13} On appeal, appellant presents four assignments of error for our review. He challenges (1) the trial court's denial of his motion to quash service by publication, (2) the entry of default judgment against appellant, (3) the denial of his

motion to vacate default judgment, and (4) the trial court's failure to conduct an evidentiary hearing.

{¶ 14} Initially, we have no jurisdiction to review the entry of default judgment because appellant did not timely appeal from that particular judgment entry. In accordance with App.R. 3(A) and 4(A), to perfect an appeal, an appellant must file a notice of appeal with the clerk of the trial court within 30 days of the judgment or final order from which the appeal is taken. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988). Where an appeal is not timely perfected, "the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal." *Id.*

{¶ 15} Here, the default judgment was entered on October 10, 2018. Appellant, despite having acquired knowledge of the default judgment, did not file a notice of appeal within 30 days. Therefore, we lack jurisdiction to consider the default judgment. We shall proceed to address the trial court's denial of the motion to vacate the default judgment, which was timely appealed.

{¶ 16} Appellant argued in his motion to vacate that there was improper service by publication. In this situation, a party who asserts improper service does not need to meet all the requirements of Civ.R. 60(B) because a default judgment rendered by a court without obtaining proper service over the defendant is void and the defendant is entitled to vacation of the judgment. *Khatib v. Peters*, 2017-Ohio-95, 77 N.E.3d 461, ¶ 30 (8th Dist.); *see also Dowers v. Krause*, 1st Dist. Hamilton No. C-030644, 2004-Ohio-1487, ¶ 8 (when service by publication is defective, any

judgment rendered on the complaint is a nullity); *Partin v. Pletcher*, 4th Dist. Jackson No. 08CA5, 2008-Ohio-6749, ¶ 11 (a party seeking to vacate a void judgment rendered without proper service need not satisfy the requirement of Civ.R. 60(B)).

{¶ 17} Relevant hereto, Civ.R. 4.4(A)(1), governing service by publication upon a party whose residence is unknown, provides in relevant part as follows:

> (1) * * * [W]hen service of process is required upon a party whose residence is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of the party requesting service or that party's counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the party to be served is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the party to be served, and that the residence of the party to be served cannot be ascertained with reasonable diligence.

{¶ 18} Relevant to this case, R.C. 2703.14(L) states that service by publication is authorized by law in the following case:

> In an action where the defendant, being a resident of this state, has departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with like intent.

{¶ 19} A defendant's "concealment" may "reasonably be inferred from plaintiff's inability to locate that defendant after the exercise of 'reasonable diligence,' as that term is used in Civ.R. 4.4(A)." *Brooks v. Rollins*, 9 Ohio St.3d 8, 11, 457 N.E.2d 1158 (1984). However, a defendant "may bring in independent evidence to contradict the reasonable diligence of the plaintiff's search or to rebut the inference of concealment." *Id.*

{¶ 20} Here, appellant challenges whether "reasonable diligence" had been exercised before attempting service by publication under Civ.R. 4.4(A). The record reflects that plaintiff's counsel twice attempted service upon Bennett at the address provided in the police report. After service failed, plaintiff's counsel attempted to obtain a current address from appellant's insurance company, but appellant's insurance company refused to release information to assist plaintiff in obtaining service, despite having engaged in settlement negotiations. Plaintiff's counsel provided an affidavit averring Bennett's address could not be ascertained with reasonable diligence.

{¶ 21} We recognize that under Ohio law, appellant's insurance company had no duty to release the information. *See Kraus v. Maurer*, 138 Ohio App.3d 163, 167, 740 N.E.2d 722 (8th Dist.2000) (unwilling to impose duty upon insurers to assist plaintiffs in civil actions in obtaining service on its insured); *Clements v. Progressive Specialty Ins. Co.*, 8th Dist. Cuyahoga No. 83879, 2004-Ohio-3602, ¶ 13 (plaintiffs were not entitled to discovery of alleged tortfeasor's address from his insurer). Nevertheless, the affidavit of plaintiff's counsel was sufficient to establish plaintiff's inability to locate Bennett after the exercise of reasonable diligence. This showing was sufficient to give rise to an inference of concealment. "Once the inference of concealment is raised, the burden is placed on the defendant to overcome its effect either by producing herself or by producing other independent evidence." *Brooks* at 11.

**{¶ 22}** Appellant failed to present sufficient independent evidence to contradict the plaintiff's exercise of reasonable diligence or to rebut the inference of concealment. Although appellant claims that additional efforts should have been made, such as a Google search and a BMV check, the trial court recognized that there was nothing to indicate that such searches would not have been futile and that it was appellant's duty to set forth factual material that on its face supported his argument. The trial court also rejected appellant's claim that he was not concealing his location to avoid service. There is no dispute that appellant moved before the accident; that the police report did not contain his current address; and that his insurance company, despite engaging in presuit settlement negotiations, would not disclose appellant's current address.

**{¶ 23}** Upon this record, we find the trial court did not abuse its discretion. We conclude that service by publication was proper, the trial court had jurisdiction to enter a default judgment against appellant, and appellant's motion to quash was without merit. Further, with the exception of damages, the trial court properly denied the motion to vacate default judgment without conducting an evidentiary hearing because there were no operative facts warranting relief.

**{¶ 24}** However, the record reflects that the amount of damages awarded exceeds the amount averred by plaintiff's counsel. Although the award might be reasonable, the trial court offered no explanation for its calculation of damages. A hearing was never conducted, and there is insufficient evidence in the record to substantiate the amount of the award. Therefore, we reverse the award of damages

and remand the matter for a hearing to determine the proper amount of damages to be awarded.

**{¶ 25}** Judgment affirmed in part, reversed in part, and case remanded for a damages hearing.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR