[Cite as *Malaj v. Abeid*, 2024-Ohio-2256.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| PERPARIM MALAJ, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112658 |
| v. | : | |
| YOUSEF I. ABEID, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 13, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-06-585304

***Appearances:***

Weltman, Weinberg & Reis, Co., L.P.A., and Roy J. Schechter , *for appellee.*

The Elkhatib Law Office and Issa M. Elkhatib, *for appellant*.

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Yousef I. Abeid, appeals an order of the Cuyahoga County Common Pleas Court denying his motion to vacate a default judgment that had been issued in favor of the plaintiff-appellee, Perparim Malaj.  For the reasons that follow, we affirm.

## I.  Factual Background and Procedural History

{¶ 2} The litigation between Malaj and Yousef Abeid is over twenty years old. We will refer to Abeid as "Yousef" in this opinion for clarity, since several of Yousef's family members were involved in the litigation at various points.  While many of the early litigation documents are not in the record on appeal (as discussed further below), it seems undisputed that Malaj's claims against Yousef stem from a physical fight that occurred on October 30, 2002, when Yousef was a minor in high school. Malaj alleged that Yousef severely injured him, causing nearly $200,000 in damages.

{¶ 3} Malaj filed a complaint against Yousef and other defendants in 2003. *See* Docket, Cuyahoga C.P. No. CV-03-513701.[1]  Yousef filed a stipulated leave to plead in that matter and thereafter filed an answer.  *Id.*  Malaj voluntarily dismissed the case without prejudice in June 2005.  *Id.*

{¶ 4} Malaj then filed a complaint against Yousef and his parents on February 27, 2006.  That case has ultimately led to this appeal.  The complaint is, inexplicably, not in the record on appeal.

{¶ 5} According to the docket, the clerk of courts sent summonses to Yousef and his parents, Iskaner and Flavia Abeid, on March 2, 2006, through certified mail

---

[1] An appellate court may take judicial notice of publicly accessible online court dockets.  *See, e.g.*, *State v. McAlpin*, 8th Dist. Cuyahoga No. 110811, 2023-Ohio-4794, ¶ 36, fn. 2; *Fipps v. Day*, 8th Dist. Cuyahoga No. 111633, 2022-Ohio-3434, ¶ 2, fn. 1; *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208, ¶ 12, fn. 1 (noting that "it is a common practice for appellate courts to take judicial notice of publicly accessible online court dockets").  Accordingly, we do so here.

addressed to 2041 Halstead Avenue in Lakewood, Ohio. That was the address listed for Yousef on the docket of the 2003 case.

{¶ 6} According to the docket in the 2006 case, the returned certified-mail receipts recorded that the summonses were delivered to that address on March 13, 2006. The docket notes that Iskaner Abeid signed for his summons and that the other two summonses were signed for by "other" (as opposed to "signed by the addressee").

{¶ 7} None of the defendants timely filed an answer to the complaint. On May 5, 2006, the trial court set a default hearing. According to the docket, Iskaner Abeid filed a consent motion for leave to plead (this document is not in the appellate record) on May 12, 2006. An attorney then filed a notice of appearance on behalf of Iskaner. The trial court granted the motion and cancelled the default hearing. Iskaner filed his answer to the complaint on May 26, 2006. The answer is not in the record on appeal.

{¶ 8} The trial court held a case-management conference on June 22, 2006. The court entered a journal entry stating the following:

> CMC held on 6/22/06. Plaintiff does not have service on all defendants. CMC reset. * * *

{¶ 9} Malaj filed an affidavit for public notice on September 22, 2006. According to a copy of the affidavit attached to later filings, Malaj averred that he could not locate the residence of Yousef, even after searching "telephone directories" and "public records including county auditor, county recorder, [and] clerk of

courts." He averred that Yousef's address was unknown and could not with reasonable diligence be ascertained.

{¶ 10} On December 28, 2006, Malaj filed a notice of voluntary dismissal as against Iskaner Abeid.

{¶ 11} On January 10, 2007, the docket reflects that a proof of publication was filed. According to a copy of the notice attached to later filings, notice of the lawsuit was published in the Daily Legal News for six consecutive weeks commencing September 29, 2006.

{¶ 12} On January 11, 2007, the trial court dismissed the complaint with prejudice as to Iskaner Abeid pursuant to Malaj's voluntary dismissal.

{¶ 13} On January 30, 2007, Malaj filed a motion for default judgment against Yousef. The trial court set a default hearing. The court held the hearing on June 1, 2007 and Malaj presented proof of damages. The transcript and any exhibits accepted during this hearing are not in the appellate record. The trial court issued a default judgment against Yousef Abeid on July 26, 2007, awarding $100,000 in compensatory damages and $100,000 in punitive damages. The court also assessed costs against Yousef. In its judgment entry, the trial court stated its finding that Yousef had been duly served.

{¶ 14} Apparently, the judgment was never collected and Malaj did not seek garnishment or a judgment lien. There was no further action on the docket until 2013.

{¶ 15} On January 1, 2013, the court entered a judgment lien against Yousef in the amount of the court costs from that case. Yousef paid the judgment for costs on April 17, 2013, and the court released the lien.

{¶ 16} The case then again went dormant, with no further litigation activity until 2022.

{¶ 17} On January 26, 2022, Malaj filed a motion to revive the default judgment and served the motion on Yousef at an address in Texas. Yousef appeared through counsel in May 2022, filing several motions seeking leave to prepare various challenges to the default judgment.

{¶ 18} On September 23, 2022, Yousef filed a motion to vacate the judgment and an "objection" to Malaj's motion to revive the judgment. The parties briefed the issue and the court held a hearing on the motion to vacate on March 20, 2023.

{¶ 19} Yousef testified on his own behalf at the motion hearing. He testified that he lived on Halstead Avenue in Lakewood, Ohio while he was in high school. He moved to Hermitage, Tennessee, in June 2005, when he was eighteen years old and he resided there until August 2007. He testified that he was "primarily" living in Hermitage, Tennessee in 2006. While in Tennessee, Yousef never received a communication or documents from Malaj or Malaj's attorney. He did not receive anything "court related." He was never informed of attempts to serve him with legal documents pertaining to this case. At some point while he was in Tennessee, his father told him that there was an active case. At some other point, his father told

him the case was completed. Yousef's understanding was that the case was solely against his father and not Yousef personally.

{¶ 20} After Yousef moved to Hermitage, several of his family members remained at the Halstead Avenue address; however, none of his family members forwarded to him any documentation and he never gave anyone authorization to accept service of legal documents on his behalf.

{¶ 21} In August 2007, Yousef moved to a residence on Mars Avenue in Lakewood, Ohio. He lived in Ohio from 2007 to 2014 and operated a cell-phone store during that time.

{¶ 22} Yousef moved to Texas in 2014 and now lives in Missouri City, Texas.

{¶ 23} On cross-examination, Yousef admitted that he does not deny the incident that led to the complaint. He said he paid the court costs for the case under the mistaken belief that the judgment for costs was against the cell-phone store he operated.

{¶ 24} Yousef submitted an affidavit, in which he averred that (1) he moved out of Ohio in June 2005 to accept a new job position with Delaware North, (2) from June 2005 until August 2007, he resided in Hermitage, Tennessee, (3) in "year of 2007, I resided at 1665 Mars Ave., Lakewood, Ohio 44107" and (4) he did not receive service of the complaint or the motion for default judgment.

{¶ 25} On March 27, 2023, the trial court entered an order denying Yousef's motion to vacate the default judgment. It reasoned that "service by publication was perfected" and "the testimony heard at the hearing indicates that [Yousef] likely

knew of the subject law suit [sic] at least as early as 2013, when he paid court costs." In the same journal entry, the trial court granted Malaj's motion to revive dormant judgment and revived the July 26, 2007 default judgment.

{¶ 26} Yousef appealed, raising the following assignments of error for review:

> First Assignment of Error: The trial court committed reversible error by denying Defendant's motion to vacate the judgment on grounds of improper service of publication.
>
> Second Assignment of Error: The trial court erred by dismissing the Defendant's claim of insufficient diligence in locating and serving him before default judgment was issued.
>
> Third Assignment of Error: The trial court violated Defendant's due process rights by issuing default judgment without adequate notice or opportunity for a defense.
>
> Fourth Assignment of Error: The trial court abused its discretion in failing to set aside the default judgment under Civ.R. 60(B), even when sufficient grounds for relief were present.
>
> Fifth Assignment of Error: The trial court violated Defendant's due process rights by denying his motion to vacate the judgment without proper consideration of the issues raised.

## II. Law and Analysis

{¶ 27} We address Yousef's third assignment of error first; then we analyze his other assignments of error.

A. Third Assignment of Error — The Default Judgment

{¶ 28} Yousef contends that the trial court violated due process by issuing the default judgment in 2007, because Yousef was not provided adequate notice or an opportunity to defend against the allegations.

{¶ 29} We have no jurisdiction to review the default judgment entered against Yousef on July 26, 2007, because Yousef did not appeal that judgment.

{¶ 30} In accordance with App.R. 3(A) and 4(A), to perfect an appeal, an appellant must file a notice of appeal with the clerk of the trial court within 30 days of the judgment or final order from which the appeal is taken. *E.g.*, *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988). Where an appeal is not timely perfected, "the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal." *Id.*

{¶ 31} Here, Yousef did not file a notice of appeal within 30 days and he has not filed an appeal of that judgment to date, even after acquiring knowledge of the judgment. Therefore, we lack jurisdiction to consider the default judgment. *See Corrao v. Bennett*, 2020-Ohio-2822, 154 N.E.3d 558, ¶ 14–15 (8th Dist.) (en banc). Because we lack jurisdiction to review the default judgment, we disregard Yousef's third assignment of error, which asserts that the trial court violated due process by issuing that judgment.

### B. First, Second and Fourth Assignments of Error – The Motion to Vacate

{¶ 32} We will consider Yousef's first, second and fourth assignments of error together, because they are related. Through them, he argues that the trial court abused its discretion by denying his motion to vacate the default judgment because there was improper service by publication.

{¶ 33} This court has said the following:

> [A] party who asserts improper service does not need to meet all the requirements of Civ.R. 60(B) because a default judgment rendered by a court without obtaining proper service over the defendant is void and the defendant is entitled to vacation of the judgment.

*Corrao* at ¶ 16, citing *Dowers v. Krause*, 1st Dist. Hamilton No. C-030644, 2004-Ohio-1487, ¶ 8 (when service by publication is defective, any judgment rendered on the complaint is a nullity).

{¶ 34} We review a denial of a motion to vacate a purportedly void judgment for an abuse of discretion. *See Professional Bank Servs. v. Abboud*, 8th Dist. Cuyahoga No. 1651, 2015-Ohio-1651, ¶ 14.

{¶ 35} A court abuses its discretion "when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 19; *see also Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35 (describing the "common understanding of what constitutes an abuse of discretion" as "a court exercising its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority"). A decision is an abuse of discretion when it is unreasonable, arbitrary or unconscionable. *See, e.g., State v. Brusiter*, 8th Dist. Cuyahoga No. 112410, 2023-Ohio-3794, ¶ 10; *McAlpin*, 2023-Ohio-4794, at ¶ 30; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A decision is "unreasonable" "'if there is no sound reasoning process that would support that decision.'" *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, 140 N.E.3d 616, ¶ 106, quoting *AAAA Ents. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553

N.E.2d 597 (1990). An "arbitrary" decision is "made 'without consideration of or regard for facts [or] circumstances.'" *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12, quoting *Black's Law Dictionary* 125 (10th Ed.2014). When applying an abuse-of-discretion standard, this court may not substitute its judgment for that of the trial court. *State v. McFarland*, 8th Dist. Cuyahoga No. 111390, 2022-Ohio-4638, ¶ 21.

{¶ 36} After careful consideration, we conclude that we cannot find an abuse of discretion based on the record before us.

{¶ 37} The record reflects that the complaint and summons were delivered in March 2006 to Yousef's home on Halstead Avenue in Lakewood. Yousef's father signed for the father's copy of the service documents and someone signed for Yousef's copy (it seems likely that either Yousef's father or another family member signed, since Yousef's family continued living at that address). But the evidence at the motion to vacate hearing established that Yousef was living primarily in Tennessee at the time of this attempted service. Yousef, who was an adult at the time, testified that he did not see these documents at the time.

{¶ 38} The trial court found that this service attempt was not successful. Whether service was adequate in this case, then, turns on whether Malaj thereafter appropriately obtained service by publication.

{¶ 39} Service by publication is permitted when "service of process is required upon a party whose residence is unknown, * * * where such service is authorized by law." Civ.R. 4.4(A)(1); *see also Hill v. Marshall*, 10th Dist. Franklin

No. 12AP-805, 2013-Ohio-5538, ¶ 13. R.C. 2703.14(L) allows service by publication when a defendant, who is a resident of Ohio, "has departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with a similar intent."

{¶ 40} Before service by publication can be made, a plaintiff seeking service is required to aver that service cannot be made because the residence of the party to be served is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the party to be served, and that the residence of the party to be served cannot be ascertained with reasonable diligence. Civ.R. 4.4(A)(1); *see also Hill* at ¶ 13.

{¶ 41} A defendant's concealment as contemplated under R.C. 2703.14(L) may reasonably be inferred from the plaintiff's inability to locate that defendant after the exercise of reasonable diligence as contemplated by Civ.R. 4.4(A). *Khatib v. Peters*, 2017-Ohio-95, 77 N.E.3d 461, ¶ 26 (8th Dist.), citing *Brooks v. Rollins*, 9 Ohio St.3d 8, 10–11, 457 N.E.2d 1158 (1984). If the defendant does not present evidence contradicting the inference, the inference is sufficient to support the service. *Id*. at 11.

{¶ 42} Here, Malaj filed an affidavit for service by publication on September 22, 2006. It is undisputed that Yousef was a resident of Ohio when the fight occurred in 2002 and left Cuyahoga County for Tennessee in 2005. The record further reflects that the clerk caused service by publication, since a proof of publication was filed on January 10, 2007.

{¶ 43} The record also reflects that the trial court held a default hearing on June 1, 2007, and found that Malaj was entitled to a default judgment, in part because Yousef had been properly served.

{¶ 44} Yousef complains that Malaj did not exercise reasonable diligence to ascertain his address before obtaining service by publication. At least two facts convince us that the record does not support a finding that the trial court abused its discretion when it found that service by publication was proper.

{¶ 45} First, Malaj averred that he searched public records and telephone directories to attempt to ascertain Yousef's address. "[W]hat constitutes reasonable diligence will depend on the facts and circumstances of each particular case." *Sizemore v. Smith*, 6 Ohio St.3d 330, 332, 453 N.E.2d 632 (1983). "Reasonable diligence requires taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address." *Id.* The steps necessary to meet this standard will necessarily change with time — *see Corrao*, 2020-Ohio-2822, 154 N.E.3d at 558 (considering whether computer searches are now mandatory). Here, we cannot say that the trial court abused its discretion when it found Malaj's efforts in 2006 to be satisfactory. *See Sizemore* at 332 (calling telephone directories and county records "probable sources for a defendant's address").

{¶ 46} Second, the transcript of the default hearing is not in the record on appeal, and thus any further detail on efforts to locate Yousef that the trial court requested cannot be ascertained during our review. It is the appellant's duty to

ensure the completeness of the record on appeal. *E.g.*, *O'Donnell v. Northeast Ohio Neighborhood Health Servs.*, 8th Dist. Cuyahoga No. 198541, 2020-Ohio-1609, ¶ 75, fn. 6 ("The appellant has a duty to ensure that the record relating to his or her assignments of error is complete."); *Pietrangelo v. Hudson*, 2019-Ohio-1988, 136 N.E.3d 867, ¶ 22 (8th Dist.) ("It is the appellant's duty to ensure that this court is provided with all of the information needed to decide an assignment of error."). We will presume regularity in proceedings when an appellant fails to provide a transcript. *See also Thomas v. Laws*, 8th Dist. Cuyahoga No. 104710, 2016-Ohio-8491, ¶ 17 ("Although the trial court held a default hearing, there is no transcript of the hearing in the record, and the record contains no verified evidence on which to evaluate the trial court's calculations. We must, therefore, presume regularity."). At the conclusion of the default hearing, the trial court was convinced that service was proper. Reviewing Malaj's averments that he searched public records and directories for Yousef's residence, and presuming regularity in the default hearing, we are not convinced that the record supports a finding that the court abused its discretion.

{¶ 47} We turn next to the question of whether Yousef presented sufficient evidence to contradict the inference that he left Cuyahoga County to avoid the service of the summons or kept himself concealed for the same reason.

{¶ 48} It was not an abuse of discretion for the trial court to conclude that Yousef could be served by publication. Yousef testified that he left Ohio for work. But Yousef appeared in the 2003 case and therefore he was aware that Malaj

believed he had potential claims against Yousef personally. Yousef moved to Tennessee in the same month that Malaj voluntarily dismissed that case.

{¶ 49} Yousef's father informed Yousef, while Yousef was in Tennessee, that there was an "active case" (referring to the 2006 case) involving allegations stemming from the fight. While Yousef testified that he did not understand at that time that he had been sued personally, he had reason to suspect otherwise and took no steps to look into the matter. Malaj apparently was unable to ascertain Yousef's address in Tennessee, despite the fact that his father was actively participating in the lawsuit and despite that the complaint and summons were sent to an address occupied by Yousef's family members. Moreover, Yousef paid the court costs from the case against him in 2013, again without taking any action with respect to the default judgment.

{¶ 50} We cannot say that it was an abuse of discretion, under these circumstances, for the trial court to conclude that Yousef kept himself hidden with the intent to avoid service and, therefore, that the default judgment could not be vacated for failure of service.

{¶ 51} Finally, Yousef argues that he was entitled to have the judgment vacated because the 2006 complaint was filed after the statute of limitations for the relevant claims. The record does not support a finding of error on that ground. First, the complaint is not in the record on appeal and, therefore, it is not clear what claims, exactly, were pleaded. More importantly, as pointed out by Malaj, a statute of limitations is an affirmative defense. *See, e.g.*, Civ.R. 8(C). "Where a defendant

does not enter an appearance, the defendant is precluded from raising an affirmative defense." *Allan v. Allan*, 8th Dist. Cuyahoga Nos. 110177 and 110179, 2022-Ohio-1488, ¶ 45.  Where the defendant defaults, he "'has admitted liability to the averments of the plaintiff's pleading and the defendant is precluded from raising an affirmative defense.'"  *Id.*, quoting *Shikner v. S & P Solutions*, 11th Dist. Lake No. 2004-L-108, 2006-Ohio-127, ¶ 18.

{¶ 52} Because the trial court did not abuse its discretion in finding that Yousef Abeid was not entitled to have the default judgment vacated pursuant to Civ.R. 60(B), the first, second and fourth assignments of error are overruled.

### C. Fifth Assignment of Error — Due Process of Law

{¶ 53} Yousef's fifth assignment of error asserts that the trial court did not adequately consider his motion to vacate such that Yousef was denied due process of law.  To the extent that Yousef asserts some error beyond his disagreement with the trial court's reasoning for denying his motion, his argument is unclear and underdeveloped.

{¶ 54} As discussed above, we have found no error in the trial court's denial of his motion.  Yousef's general complaint that the trial court did not adequately consider his motion before ruling on it, in the absence of any citation to the record or caselaw that would support that conclusion, is meritless.  The trial court ruled on the motion after it was fully briefed and after holding a hearing on the motion, during which it heard arguments from the parties and admitted evidence.

{¶ 55} We overrule Yousef's fifth assignment of error.

## III. Conclusion

{¶ 56} Having disregarded Yousef Abeid's third assignment of error and having overruled his other assignments of error for the reasons stated above, we affirm.

It is ordered that the appellee recover from the appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., CONCURS;
LISA B. FORBES, J., CONCURS IN JUDGMENT ONLY